**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**


JACKIE LEE WILLIAMS
ADC #093224                                                                                    PLAINTIFF

V.                                               5:10CV00284 JMM/JTR

BARRY M. BEALER,
Lieutenant, Varner Unit, et al.                                                  DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the requested hearing before the

United States District Judge was not offered at the hearing before the
Magistrate Judge.

3.    An offer of proof setting forth the details of any testimony or other
evidence (including copies of any documents) desired to be
introduced at the requested hearing before the United States District
Judge.

From this submission, the United States District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Jackie Lee Williams, who is in prison at the Maximum Security Unit of the

Arkansas Department of Correction, has commenced this § 1983 action alleging that Defendants

have violated his constitutional rights.  *See* docket entries #2 and #6.  Pursuant to the screening

function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without

prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints
seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court
must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally
frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek
monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).
    The Court is mindful that when making this determination, the court must "accept as true
all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law."
*Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  Importantly, the complaint
must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the
plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a
cause of action will not do."  *Stalley*, 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S.
Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355

## II.  Discussion

In his Complaint and Amended Complaint, Plaintiff alleges that, on August 18, 2009, he wrote in Informal Resolution alleging that he was having improper thoughts about his prison school teacher because she reminded Plaintiff of his rape victim.[2]  *See* docket entries #2 and #6.  Plaintiff then stated that there was "going to be a big problem" if the prison made him "go over to that school."  *See* docket entry #6 at Ex. 1.  The next day, on August 19, 2009, Defendants issued Plaintiff a disciplinary charge for making a written threat of bodily harm in his August 18, 2009 Informal Resolution.  *Id.* at Ex. 2.

On August 26, 2009, Defendants held a disciplinary hearing, during which they reviewed Plaintiff's August 18, 2009 Informal Resolution and allowed him to a make a statement.  *Id.* at Ex. 3.  At the conclusion of the hearing, Defendants found Plaintiff guilty of the charge.  *Id.*  As punishment, they ordered him to spend thirty days in punitive isolation, and they reduced his class.[3]  *Id.*

### A.      Plaintiff's Fourteenth Amendment Claim

Plaintiff alleges that Defendants violated his Fourteenth Amendment right to due process of law when they wrongfully found him guilty of the disciplinary charge.  *See* docket entries #2 and #6.

A prisoner has a right to due process, under the Fourteenth Amendment, only if he has a

---

U.S. 41, 45-46 (1957)).  Nevertheless, in *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[2]  Plaintiff, who is a habitual offender, is currently serving a life sentence for raping a woman in 1994.  *See Williams v. State*, 962 S.W.2d 329 (Ark. 1998).

[3]  Additionally, they recommended that Plaintiff receive mental health counseling. *Id.*

liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). It is well settled that an inmate does *not* have a liberty interest in maintaining a particular classification level. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris*, Case No. 05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

Similarly, both the United States Supreme Court and the Eighth Circuit have held that placement in punitive isolation for relatively short intervals of time, and the temporary suspension of privileges while so confined, does *not* constitute the type of "atypical and significant" hardship that would trigger the protection of the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 482-86 (1995) (holding that the due process clause applies only when prison officials impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life"); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive isolation was not an atypical and significant hardship, under *Sandin*); *Kennedy v. Blankenship*; 100 F.3d 640, 642-43 (8th Cir. 1996) (holding that a prisoner did not have a liberty interest, and thus no due process rights, in avoiding placement in punitive isolation for thirty days). Accordingly, Plaintiff has failed to state a viable due process claim.

**B.     Plaintiff's First Amendment Claim**

Plaintiff alleges that Defendants issued him a disciplinary in retaliation for him filing the August 18, 2009 Informal Resolution. *See* docket entries #2 and #6.

Prison officials cannot discipline inmates in retaliation for exercising their First Amendment right to file grievances. *Haynes v. Stephenson*, 588 F.3d 1152, 1156 (8th Cir. 2009) (explaining that the First Amendment right to access the courts encompasses an inmate's right to file prison

grievances); *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007). However, the Eighth Circuit has cautioned that a prisoner has a heavy burden of establishing that a disciplinary conviction was issued for retaliatory reasons, and that "merely alleging that an act was retaliatory is insufficient." *Meuir,* 487 F.3d at 1119.

Additionally, it is well settled that a  disciplinary conviction cannot be deemed retaliatory if it was issued for an actual violation of prison rules. *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008); *Moots v. Lombardi*, 453 F.3d 1020, 1023 (8th Cir. 2006).  Thus, a retaliation claim fails, as a matter of law, if there was "some evidence" to support the disciplinary conviction.  *See Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir. 1994); *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993).

In this case, Plaintiff *concedes* that he wrote an Informal Resolution containing what appeared to be a threat of bodily harm to his prison school teacher.  Thus, there was some evidence to support his disciplinary conviction.[4]  Accordingly, Plaintiff has failed to states a viable retaliation claim.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this § 1983 action be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim on which relief may be granted.

---

[4] In other words, the facts, as alleged by Plaintiff, demonstrate that he was disciplined for threatening a prison employee, and not for writing a grievance.  The fact that Plaintiff put that threat in a grievance, as opposed to writing it in a letter or making it verbally, does not insulate him from punishment.

2.      Plaintiff's Motion for Jury Trial (docket entry #5) be DENIED, AS MOOT.

3.      Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

4.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*
appeal from any Order and Judgment adopting this Recommended Disposition would not be taken
in good faith.

Dated this 5th day of November, 2010.


_____
UNITED STATES MAGISTRATE JUDGE